IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02989-KLM

PRESLEY O. REED,
PATRICIA STACEY REED,
KMP MINING, LLC,
KMP MEXICO, LLC,
KMP INTERNATIONAL, LLC,
TRASTEEL BELGIUM SOCIETE ANONYME,
BELGIRON SA, and
TRASTEEL INTERNATIONAL S.A.,

     Plaintiffs,

v.

ILANGOVAN AMMAL KUPPUSAMY,
RANJANI ILANGOVAN KRISHMAN, and
IRK INTERNAITONAL S.A. DE C.V.,

     Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiffs' **Information of the Kuppusamy Defendants' Filing of a Petition Under Chapter 7 of the United States Bankruptcy Code and Plaintiffs' Motion to Vacate Scheduling Conference** [#12][1] (the "Motion"). In the Motion, Plaintiffs inform the Court that Defendants Ilangovan Ammal Kuppusamy and Ranjani Ilangovan Krishman "filed a joint voluntary petition under Chapter 7 of the United States Bankruptcy Code . . . ." *Motion* [#12] at 1. Pursuant to 11 U.S.C. § 362(a)(1), the filing of the Chapter 7 petition "operates as a stay . . . of . . . the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement of the case under this title . . . ." Accordingly, this action is automatically stayed.

---

[1] "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

1

However, because a stay of this proceeding would be of indefinite duration, for docket management reasons administrative closure pursuant to D.C.COLO.LCivR 41.2 is more appropriate in this circumstance. However, only a "district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause." D.C.COLO.LCivR 41.2. In this case, Defendants have not appeared and there will, therefore, be no event triggering the filing of the parties' consent form as required by the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges.[2] As a result, in order for this case to be administratively closed under D.C.COLO.LCivR 41.2 it must be reassigned to a district judge.

IT IS HEREBY **ORDERED** that the Motion [#12] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that the Scheduling Conference set for February 24, 2015 at 10:30 a.m. is **VACATED**. The Court will reset the Scheduling Conference, if necessary, after the automatic stay is lifted.

IT IS FURTHER **ORDERED** that this case shall be assigned to a district judge under D.C.COLO.LCivR 40.1(a).

Dated: February 17, 2015

---

[2] The Court notes that the third Defendant has not been served and Plaintiffs allege that it no longer has a principal place of business and has not owned any material assets since 2010. *Compl.* [#1] ¶¶ 9, 32. Further, the claims against the three Defendants are entwined. Accordingly, it would not be logical to allow Plaintiffs' claims against Defendant IRK International S.A. de C.V. to proceed while the claims against the individual Defendants are stayed pursuant to 11 U.S.C. § 362.